# EXHIBIT A

Shelia Sharber
vs.
Bank of America, NA et. al.

ELECTRONICALLY FILED
2019 Jun 17 AM 8:42
CLERK OF THE WYANDOTTE COUNTY DISTRICT COURT
CASE NUMBER: 2019-LM-002875
Division: 11

**SUMMONS**

To the above-named Defendant/Respondent:

**Equifax Information Services, LLC**
**RA: CORPORATION SERVICE COMPANY**
**2900 SW WANAMAKER DRIVE SUITE**
**Topeka, KS 66614**

You are hereby notified that a lawsuit commenced against you will be on this court's docket at 09:00 AM, on 07/22/2019, to be held at the following location:

Wyandotte County District Court
Wyandotte County District Court
710 N. 7th St.
Kansas City, KS 66101

If you do not appear before this court or file an answer at such time, judgment by default will be taken against you for the relief demanded in the petition.

If you intend to appear at such time and dispute the petition, you must file an answer with the clerk of this court within 14 days thereafter.

If you are not represented by an attorney, the answer shall be signed by you. The answer shall state the following:

(1) what the dispute is;
(2) any affirmative defenses you have to the claim; and
(3) your (or your attorney's) current address, phone number, fax phone number, and e-mail address.

You must also promptly send a copy of your answer to the plaintiff's attorney or the plaintiff, if the plaintiff has no attorney.

*Kristi P. Hill*

Clerk of the District Court
Electronically signed on 06/17/2019 02:11:27 PM

**Documents to be served with the Summons:**
PLE: Petition Petition

**In the District Court of Wyandotte County, Kansas**
**Limited Actions Division**

| | |
|---|---|
| SHELIA D. SHARBER,<br><br>    Plaintiff,<br><br>vs.<br><br>BANK OF AMERICA, N.A., EXPERIAN INFORMATION SOLUTIONS INC., EQUIFAX INFORMATION SERVICES, LLC, AND TRANS UNION LLC,<br><br>    Defendants. | Case Number: 2019-LM-002875<br><br>Division: 11 |

## PETITION

COMES NOW Plaintiff, by and through counsel, and for Plaintiff's causes of action against Defendants states as follows:

1. This is an action for damages brought by an individual consumer against the Defendants for violations of the Fair Credit Reporting Act (hereafter FCRA) 15 U.S.C. §1681 et seq.

2. Jurisdiction of this Court arises under 15 U.S.C. §1681p, and 28 U.S.C. §1331.

3. Venue lies properly in this district under 28 U.S.C. §1391(b).

4. Plaintiff is a resident of Kansas.

5. Defendant Bank of America, N.A. is a national bank.

1

6. At all times relevant hereto, Defendant Bank of America, N.A. was and is engaged in the business of extending home equity loans, all within Kansas.

7. Defendant Equifax Information Systems, LLC (Equifax) is a Georgia Limited Liability Company.

8. At all times relevant hereto, Defendant Equifax was and is engaged in the business of credit reporting, all within Kansas.

9. Defendant Equifax is included hereafter in the term Credit Reporting Agency Defendants.

10. Defendant Trans Union LLC (Trans Union) is an Illinois corporation.

11. At all times relevant hereto, Defendant Trans Union was and is engaged in the business of credit reporting, all within Kansas.

12. Defendant Trans Union is included hereafter in the term Credit Reporting Agency Defendants.

13. Defendant Experian Information Solutions Inc. is a Delaware corporation.

14. At all times relevant hereto, Defendant Experian was and is engaged in the business of credit reporting, all within Kansas.

15. Defendant Experian is included hereafter in the term Credit Reporting Agency Defendants.

16. On July 10, 2007, Defendant Bank of America extended a consumer loan to Plaintiff with a credit limit of $3,100.00.

17. On May 17, 2017, Plaintiff refinanced her house, and a check was sent to Bank of America for $3090.44, which represented the full balance of the loan.

18. On May 17, 2017, Plaintiff closed the account with Defendant Bank of America.

19. Defendant Bank of America cashed the May 17, 2017 check.

20. Bank of America persisted on reporting the loan to Defendant Credit Reporting Agencies as charged off with a past due balance of $3,649.00 and the last payment on April 17, 2017.

21. On March 6, 2018, Plaintiff disputed the reporting to Defendant Experian stating that payment was sent to Defendant Bank of America by Advance Title, check #158225 on May 12, 2017, that it was cashed on May 31, 2017, and included a copy of the check with the dispute.

22. Despite Plaintiff's dispute with Defendant Experian, Defendant Bank of America continued to report the account as charged off and past due.

23. On March 6, 2018, Plaintiff disputed the reporting to Defendant Equifax stating that payment was sent to Defendant Bank of America by Advance Title, check #158225 on May 12, 2017, that it was cashed on May 31, 2017, and included a copy of the check with the dispute.

24. Despite Plaintiff's dispute with Defendant Equifax, Defendant Bank of America continued to report the account as charged off and past due.

25. On March 6, 2018, Plaintiff disputed the reporting to Defendant Trans Union stating that payment was sent to Defendant Bank of America by Advance Title, check #158225 on May 12, 2017, that it was cashed on May 31, 2017, and included a copy of the check with the dispute.

26. Despite Plaintiff's dispute with Defendant Trans Union, Defendant Bank of America continued to report the account as charged off and past due.

27. After Plaintiff unsuccessfully disputed the wrongful negative reporting to all Defendant Credit Reporting Agencies, Plaintiff's other creditors were accessing her credit reports and seeing this false negative reporting.

28. Despite having paid off the loan, Bank of America sued Plaintiff in Johnson County, Kansas Limited Actions Court on August 13, 2018.

29. Plaintiff filed a pro se answer on September 12, 2018.

30. Bank of America dismissed its lawsuit against Plaintiff without prejudice on September 14, 2018.

31. After the lawsuit was dismissed by Bank of America on September 14, 2018, Bank of America continued to report the account as charged off and past due to the Defendant Credit Reporting Agencies.

32. On March 6, 2018, Plaintiff disputed the reporting to Defendant Experian stating that payment was sent to Defendant Bank of America by Advance Title, check #158225 on May 12, 2017, that it was cashed on May 31, 2017, and included a copy of the check with the dispute.

33. Despite Plaintiff's dispute with Defendant Experian, Defendant Bank of America continued to report the account as charged off and past due.

34. On April 16, 2019, Plaintiff sent a second dispute to Defendant Experian stating that payment was sent to Defendant Bank of America by Advance Title, check #158225 on May 12, 2017 and was cashed on May 31, 2017 and included a copy of the

4

check as well as the previous disputes and verification from the title company of the payment.

35. Despite Plaintiff's second dispute with Defendant Experian, Defendant Bank of America continued to report the account as charged off and past due and was verified as accurate by Defendant Bank of America.

36. On April 16, 2019, Plaintiff sent a second dispute to Defendant Equifax stating that payment was sent to Defendant Bank of America by Advance Title, check #158225 on May 12, 2017 and was cashed on May 31, 2017 and included a copy of the check as well as the previous disputes and verification from the title company of the payment.

37. Despite Plaintiff's second dispute with Defendant Equifax, Defendant Bank of America continued to report the account as charged off and past due and was verified as accurate by Defendant Bank of America.

38. On April 16, 2019, Plaintiff sent a second dispute to Defendant Trans Union stating that payment was sent to Defendant Bank of America by Advance Title, check #158225 on May 12, 2017 and was cashed on May 31, 2017 and included a copy of the check as well as the previous disputes and verification from the title company of the payment.

39. Despite Plaintiff's second dispute with Defendant Trans Union, Defendant Bank of America continued to report the account as charged off and past due and was verified as accurate by Defendant Bank of America.

40. Defendants have been reporting and reinserting derogatory and inaccurate statements and

information relating to Plaintiff and Plaintiff's credit history to third parties (hereafter the "inaccurate information").

41. Plaintiff's creditors and potential creditors have accessed Plaintiff's reports while the misreporting was on the credit report and were misinformed by Defendants about the Plaintiff's creditworthiness.

42. The inaccurate information negatively reflects upon the Plaintiff, Plaintiff's credit repayment history, and Plaintiff's financial responsibility as a debtor and s credit worthiness.

### Count I – Violations of the Fair Credit Reporting Act - Credit Reporting Agency Defendants

Comes now Plaintiff and for Count I against the Credit Reporting Agency Defendants states and alleges to the Court as follows:

43. Plaintiff incorporates the preceding paragraphs as though the same were set forth at length herein.

44. At all times pertinent hereto, Equifax regularly engaged in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers to furnish consumer reports to third parties, and which uses any means or facility of interstate commerce to prepare or furnish consumer reports.

45. At all times pertinent hereto, Trans Union, LLC regularly engaged in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or

furnishing consumer reports.

46. At all times pertinent hereto, Experian regularly engaged in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers to furnish consumer reports to third parties, and which uses any means or facility of interstate commerce to prepare or furnish consumer reports.

47. At all times pertinent hereto, the Plaintiff Shelia D Sharber is a "consumer" as that term is defined by 15 U.S.C. §1681a(c).

48. At all times pertinent hereto, the above-mentioned credit reports were written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility for credit or insurance to be used primarily for personal, family, or household purposes; employment purposes; or any other purpose authorized under 15 U.S.C. 1681b.

49. Under 15 U.S.C. §1681n, and 15 U.S.C. §1681o, Credit Reporting Agency Defendants are liable to the Plaintiff for willfully and negligently failing to comply with the requirements imposed on consumer reporting agencies of information under 15 U.S.C. §1681e(b) in assuring reasonable procedures to assure maximum possible accuracy to prevent such reporting of inaccurate information in Plaintiff's reports.

50. In addition, Plaintiff disputed the inaccuracy to Credit Reporting Agency Defendants.

51. Credit Reporting Agency Defendants failed to correct the inaccuracies and

reverified to Plaintiff that the reporting was accurate.

52. Under 15 U.S.C. §1681n and 15 U.S.C. §1681o, Credit Reporting Agency Defendants are liable to the Plaintiff for willfully and negligently failing to comply with the requirements imposed on consumer reporting agencies of information under 15 U.S.C. §1681i wherein the Defendants failed to use reasonable procedures to reinvestigate Plaintiff's disputes and, likewise, took inadequate action to correct Plaintiff's consumer reports or delete the false data or otherwise conduct an appropriate, lawful reinvestigation.

53. The conduct of Credit Reporting Agency Defendants were a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiff that are outlined more fully above and, as a result, Credit Reporting Agency Defendants are liable to the Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

WHEREFORE, Plaintiff seek judgment in Plaintiff's favor and damages against Credit Reporting Agency Defendants based on the following requested relief:

    a.    Actual damages;

    b.    Statutory damages;

    c.    Punitive damages;

    d.    Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§1681n and 1681o; and

    e.    Such other and further relief as may be necessary, just and proper.

### Count II – Violations of the Fair Credit Reporting Act – Defendant Bank of America, N.A. – Failure to Conduct a Reasonable Investigation

Comes now Plaintiff and for Count II against Defendant Bank of America, N.A. and states and alleges to the Court:

54. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

55. Upon information and belief, the consumer reporting agencies reported to the Defendant Bank of America, N.A., furnisher-subscriber (creditor and collector), that Plaintiff disputed the charge-off, delinquency and false credit reporting.

56. Despite receipt of the same dispute several times, the Defendant Bank of America, N.A., furnisher-subscriber (creditor and collector), failed to respond with truthful information, failed to acknowledge the disputes and/or repeatedly reported the false, derogatory information to the consumer reporting agencies, all in violation of the Act.

57. According to the national consumer reporting agencies' reports, the Defendant, furnisher-subscriber, continued to falsely report about Plaintiff.

58. Defendant Bank of America, N.A., furnisher-subscriber (creditor and collector), have likewise willfully or negligently, violated the Fair Credit Reporting Act, 15 U.S.C. §1681s-2(b), by failing to respond to reinvestigation requests and failing to supply accurate and truthful information.

59. Rather, Defendant Bank of America, N.A., furnisher-subscriber (creditor and collector), continued to report false and inaccurate information and failed to retract, delete

and suppress false and inaccurate information they reported about the Plaintiff, as described more fully above.

60. Defendant Bank of America, N.A., furnisher-subscriber (creditor and collector), failed to investigate or reinvestigate regarding consumer credit data they reported and repeatedly re-reported about Plaintiff.

61. Defendant Bank of America, N.A., furnisher-subscriber (creditor and collector), failed to review all relevant and pertinent information provided to it by the consumer reporting agencies.

62. Defendant Bank of America, N.A., furnisher-subscriber (creditor and collector), knew or should have known that its reporting and activities would (and will) damage Plaintiff and ability to enjoy life and utilize the credit rating and reputation property rights secured by honoring obligations to all of creditors.

63. Defendant Bank of America, N.A., furnisher-subscriber (creditor and collector) failed to acknowledge and respond with truthful information in response to Plaintiff's disputes and to advise the consumer reporting agencies of receipt of such disputes and complaints regarding consumer credit data they had been reporting and re-reporting about Plaintiff.

64. The conduct of Defendant Bank of America, N.A. was a direct and proximate cause, and a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiff and Defendant is liable to the Plaintiff for the amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, and such further relief, as permitted by law.

WHEREFORE, Plaintiff seek judgment in Plaintiff's favor and damages against the Defendant Bank of America, N.A. for the following requested relief:

    a.    Actual damages;

    b.    Statutory damages;

    c.    Punitive damages;

    d.    Costs and reasonable attorney's fees under 15 U.S.C. §§1681n and 1681o; and

    e.    Such other and further relief as may be necessary, just and proper.

### Count III – Violations of the Fair Credit Reporting Act
### Defendant Bank of America, N.A. - Impermissible Pull

COMES NOW Plaintiff, and as for Count III against Defendant Bank of America, N.A., states and alleges as follows:

65. Plaintiff incorporates herein the preceding paragraphs as though fully set forth hereunder.

66. Defendant Bank of America, N.A. accessed Plaintiff's following credit report after she paid off the account in full and closed the account.

67. At the time Defendant Bank of America, N.A. accessed Plaintiff's credit report, Plaintiff and Defendant Bank of America, N.A. no longer had a debtor/creditor relationship.

68. At the time Defendant Bank of America, N.A. accessed Plaintiff's credit report, Defendant Bank of America, N.A. no longer had a legitimate business need to obtain Plaintiff's credit report as there was no longer a creditor/debtor relationship.

69. Defendant Bank of America, N.A. accessed Plaintiff's credit report without a legally permissible purpose.

70. At all times pertinent hereto, Defendant Bank of America, N.A. was acting by and through their agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendant Bank of America, N.A. herein.

71. At all times pertinent hereto, the conduct of the Defendant Bank of America, N.A. as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of the Plaintiff herein

72. The accessing of Plaintiff's credit report by Defendant Bank of America, N.A. after the debt was discharged was willfully, recklessly and/or negligently in violation of the Fair Credit Reporting Act.

73. Defendant Bank of America, N.A. violated 15 U.S.C. § 1681b(f) by willfully and/or recklessly accessing, attaching, publishing and using Plaintiff's credit profile without a permissible purpose or authorization under the FCRA.

74. Defendant Bank of America, N.A. violated 15 U.S.C. § 1681n by negligently accessing, attaching, publishing and using Plaintiff's credit file without a permissible purpose or authorization under the FCRA.

75. Defendant Bank of America, N.A. violated 15 U.S.C. § 1681o by willfully and/or recklessly accessing, attaching, publishing and using Plaintiff's credit file without a permissible purpose or authorization under the FCRA.

76. As a result of the above violations of the FCRA, the Defendant is liable to the Plaintiff in the sum of Plaintiff's actual damages, statutory damages, punitive damages, costs, disbursements, and reasonable attorney's fees.

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant Bank of America, N.A., Experian Information Solutions Inc., Equifax Information Services, LLC, and Trans Union LLC for actual damages; punitive damages, statutory damages pursuant to 15 U.S.C. §1692k; costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k; and for such other and further relief as may be just and proper.

Respectfully submitted,
By: /s/ A.J. Stecklein
A.J. Stecklein #16330
Michael Rapp #25702
Matthew Robertson #27254
Stecklein & Rapp
748 Ann Avenue, Suite 101
Kansas City, KS 66101
Telephone: (913) 371-0727
Facsimile: (913) 371-0727
Email: aj@kcconsumerlawyer.com
mr@kcconsumerlawyer.com
msr@kcconsumerlawyer.com
Attorneys for Plaintiff

$7.75
US POSTAGE
FIRST-CLASS
062S000524396
FROM 64111

CERTIFIED MAIL

7014 1820 0001 6270 6760

Steckler
7748 An
Kansas City, Kansas 66101

Equifax Information Services LLC
RA: Corporation Service Company
2900 Wanamaker Drive, Suite 204
Topeka, Kansas 66614